UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSHUA FALCON

VERSUS

JORGE A. OCHOA, ET AL

CIVIL ACTION

NUMBER 09-665-JJB-SCR

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, November 3, 2009.

Stephen C. Riedlinger

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSHUA FALCON

VERSUS

JORGE A. OCHOA, ET AL

CIVIL ACTION

NUMBER 09-665-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiff Joshua Falcon. Record document number 4. No opposition has been filed.

Plaintiff filed a Petition for Damages in state court alleging injuries and damages as a result of an accident on the interstate highway I-10 in West Baton Rouge Parish. Plaintiff alleged that a tractor truck owned by defendant Heriberto Hernandez d/b/a Steele Carriers and driven by defendant Jorge A. Ochoa, negligently merged into his lane of traffic and violently rammed the passenger side of his vehicle. Plaintiff also alleged that the accident caused painful, permanent personal injuries and resulted in severe property damage to the vehicle and diminished its value.[1] Plaintiff alleged further that his injuries necessitated continued and numerous doctor visits, diagnostic testing and treatment with prescription medication. Plaintiff sought damages for past,

[1] Petition for Damages, ¶ 2. Plaintiff also sued Canal Indemnity Company, the alleged liability insurer of Ochoa and Steele Carriers.

present and future special damages and lost earnings as well as damages for past, present and future pain and suffering, inconvenience, mental anguish, emotional distress and other intangible damages.[2]

Defendant Canal Indemnity Company removed the case on August 20, 2009 based on diversity jurisdiction. With regard to the amount in controversy, Canal Indemnity essentially recited the above allegations from the plaintiff's petition, and stated "[t]his seems to indicate that the amount of damages sought by the plaintiff allegedly exceeds $75,000, exclusive of interests and costs, and satisfies the jurisdictional amount of 28 U.S.C. § 1332(a)." As to the other two defendants, Canal Indemnity stated that service of process on them had been requested through the state long arm statute, but no service of process had yet been made.

Plaintiff moved to remand asserting that the defendant has not satisfied its burden of demonstrating that the required amount in controversy is present to support removal, and that the removal is procedurally defective because all defendants did not timely consent to removal. Plaintiff also moved for an award of attorney's fees and costs under 28 U.S.C. § 1447(c).

---

[2] *Id.*, ¶ 5.

**Applicable Law**

It is well settled that when faced with a motion to remand, the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335, *rhrg. denied*, 70 F.3d 26 (5th Cir. 1995). Because plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages,[3] the Fifth Circuit has established a framework for resolving disputes over the amount in controversy, for actions removed based on diversity jurisdiction from Louisiana state courts. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000). In such cases the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or (2) by setting forth facts--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount. *Id.*; *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir.

[3] Louisiana Civil Code article 893(A)(1) states, in relevant part, "that if a specific amount of damages is necessary to establish....the lack of jurisdiction of federal courts due to insufficiency of damages,...a general allegation that the claim exceeds or is less than the requisite amount is required." Plaintiff's state court petition did not allege that the amount of damages he sought was less than that needed to support jurisdiction under § 1332. This deficiency is a factor the court must consider, but alone it is not enough to establish that the jurisdictional amount is satisfied. *See*, Weber *v. Stevenson*, 2007 WL 4441261 (M.D. La. Dec. 14, 2007).

2002).

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia*, 233 F.3d at 883. If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000.00, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.*; *Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia(ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994). However, post-removal affidavits may be considered in determining the amount in controversy, if the basis for jurisdiction is ambiguous at the time of removal. *Id.* If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000.00. *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586 (1938).

The rule of unanimity requires that "all defendants who are properly joined and served must join in the removal petition, and that failure to do so renders the petition defective." *Getty Oil*

*Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988). Furthermore, all served defendants must join in the petition no later than 30 days from the day on which the first defendant was served. *Id.* at 1263.

There is no automatic entitlement to an award of attorney fees under 28 U.S. C. § 1447(c). The clear language of the statute, which provides that the "order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal," makes such an award discretionary. The Supreme Court set forth the standard for awarding fees under § 1447(c) in *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 126 S.Ct. 704 (2005):

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *See*, *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id.*, at 711.

The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the

legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id.*; *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993); *Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir.), *cert. denied*, 522 U.S. 977, 118 S.Ct. 435 (1997).

**Analysis**

A review of the record supports the finding that it is not facially apparent from the petition that the claim likely exceeds $75,000, nor has Canal Indemnity set forth any facts in the Notice of Removal or otherwise that support such a finding. In its Notice of Removal Canal Indemnity only relied on the allegations in the state court petition and a conclusory statement that the allegations "seem to indicate" that the plaintiff's damages exceed $75,000.

The allegations in the petition are simply too general and vague to support removal. Plaintiff did not describe the accident or his injuries in any detail, and merely pled damages of the kind commonly arising from an automobile accident. For example, the plaintiff alleged severe, painful and permanent injuries that required medical treatment, but did not allege any facts about the type of injury he sustained or the magnitude of the medical treatment or other damages resulting from the injuries.

Simply put, the petition lacks any specifics regarding the nature or extent of the plaintiff's injuries or damages, and it

would be conjecture to find that the jurisdictional amount is satisfied by the allegations in this petition. Because the defendant failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000 exclusive of interest and costs, the court lacks subject matter jurisdiction under § 1332(a).[4]

The analysis of the merits of the remand motion also demonstrates that the plaintiff should be awarded fees and costs under § 1447(c). The state court petition did not contain any information regarding the nature and extent of the plaintiff's injuries and alleged only generic personal injuries and property damages. Defendant removed the case relying only on these allegations and a conclusory statement that the amount in controversy was satisfied. The only reasonable inference supported by the record is that at the time of removal the defendant did not have an objectively reasonable basis to remove the case.

Review of the affidavit submitted by plaintiff's counsel[5] and the motion to remand supports the conclusion that an award of $500 is adequate compensation under §1447(c). The motion/memorandum was very brief, did not involve any unique or complex issues and was unopposed.

---

[4] The lack of subject matter jurisdiction makes it unnecessary to address the plaintiff's argument that the removal was procedurally defective, because Canal Indemnity did not timely obtain the consent of the other defendants who had both been served at the time of removal.

[5] Plaintiff exhibit 4.

**Recommendation**

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiff Joshua Falcon be granted. It is further recommended that under 28 U.S.C. § 1447(c) that the plaintiff be awarded reasonable fees and costs in the amount of $500.00.

Baton Rouge, Louisiana, November 3, 2009.

Stephen C. Riedlinger

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE